# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 2943 | **DATE** | 4/12/2011 |
| **CASE TITLE** | Ronnie Hill (N-23070) v. Rodriguez, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, this case is dismissed without prejudice. Defendants' motion to dismiss [32] is granted. This case is closed.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

Plaintiff, Ronnie Hill, an inmate at the Pontiac Correctional Center, initiated this 42 U.S.C. § 1983 action in 2009. Plaintiff alleges that, on September 5, 2008, Chicago Police Officers M.A. Rodriguez and J.A. Pedraza, Jr. while looking for a different Ronnie Hill, falsely arrested Plaintiff with guns drawn, and then falsely charged him with an assault of an officer to cover their mistake. More specifically, Plaintiff alleges that he had pulled into the alley behind his house to drop off his family and items in his car. (R. 26, Amended Compl. at 4.) Plaintiff states that, after his wife and son exited the car, Plaintiff found himself starring at a gun pointed at his face and heard someone demand that he get out of the car. (*Id.*) Fearing that it was a carjacking, Plaintiff sped away and circled the block. (*Id.*) Upon entering the back porch of his house, he was met by the officers and arrested. It was later determined that the arrest was meant for a different Ronnie Hill (a Caucasian). (*Id.* at 5.) Plaintiff states that, upon learning their mistake, the officers charged him with several traffic violations and assault of an officer. (*Id.*)

In August 2009, this court stayed this case pending resolution of Plaintiff's state criminal case. (R. 17.) In December 2010, following Plaintiff's guilty plea in his state criminal proceedings, the Defendants filed a motion to dismiss. (R. 32.) The court directed Plaintiff to respond by January 20, 2011, and after not receiving any pleadings from Plaintiff, extended the time to March 10, 2011. (R. 35, 37.) To date, Plaintiff has not responded. The court warned in its February 22, 2011, order that failure to respond may be construed as Plaintiff's desire not to proceed with this case and may result in dismissal. (R. 37.) Dismissal of this case is warranted for both Plaintiff's inaction and because Plaintiff may not proceed with this case until his conviction is reversed, vacated, or declared invalid in some on direct or collateral review.

Plaintiff's failure to file any pleadings after twice being directed to do so by the court indicates a desire not to proceed with this case. Perhaps Plaintiff does not want to proceed with the instant case after having pleaded guilty to the assault charges or after having received the Defendants' motion to dismiss. Regardless of the reason, his inaction following this court's last two orders warrant dismissal of this case for failing to prosecute and respond to the court's orders. *Truesdale v. Guerra*, No. 07 C 3058, 2008 WL 1968773, *8 (N.D. Ill. 2008) (Kendall, J.) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir.1997)); *see also Mables v. Lizotte*, No. 09 C 54004, 2011 WL 1042586, *3 (N.D.Ill. March 22, 2011) (Kendall, J.). Accordingly, Plaintiff's lack of response warrants dismissal of this case without prejudice under Fed. R. Civ. P. 41(b).

**(CONTINUED)**

isk

**STATEMENT (continued)**

Additionally, this case warrants dismissal for the reason stated by the Defendants in their motion to dismiss. Plaintiff alleges in this suit that he was falsely arrested and falsely charged with assault of a police officer. In October 2010, he pleaded guilty to the charged offense. (R. 34, Exh. 2 (docket sheet of Pl.'s state criminal case, Circuit Court of Cook County No. 08 CR 1761901).) A favorable ruling by this court that Plaintiff was falsely charged with assault to cover up for a wrongful arrest would necessarily call into question the validity of his recent state criminal conviction. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the conviction has been invalidated, the cause of action for damages simply "does not accrue." *Id.* at 490. A finding that police officers falsely accused Plaintiff of assault would necessarily call into question the legality of his recent assault conviction. The bar announced in *Heck* thus warrants dismissal of Plaintiff's instant § 1983 case. *See Nitz v. Birkette*, No. 11 C 0044, 2011 WL 893035, 3 (N.D. Ill. March 11, 2011) (Hibbler, J.) (dismissing claims similar to Plaintiff's as barred by *Heck*).

Plaintiff may seek to prosecute his § 1983 claims if and when his conviction is vacated or called into question by direct or collateral review. However, he cannot continue with his case in this court until such invalidity of his conviction occurs.

Accordingly, based upon the bar set out in *Heck* and Plaintiff's failure to respond, this case is dismissed without prejudice. This case is closed.